IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff,<br><br>              vs.<br><br>JERRY LEE WILLIAMS,<br>                Defendant. | Crim. No. 03-10140-01-JTM<br>Case No. 07-01339-JTM |

MEMORANDUM AND ORDER

Following a trial by jury, Jerry Lee Williams was found guilty of one count of violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm (Dkt. No. 39). Williams was sentenced to 210 months imprisonment (Dkt. No. 57). He appealed from the judgment, and the Court of Appeals affirmed his conviction but vacated his sentence and remanded the case for re-sentencing (Dkt. No. 76). Williams was then re-sentenced by this court to a term of imprisonment of 180 months, the mandatory minimum sentence under 18 U.S.C. § 924(e) (Dkt. No. 83). Williams again appealed, and on July 10, 2006, the Court of Appeals affirmed the sentence this court had imposed (Dkt. No. 100).

On November 2, 2007, Williams filed motions to vacate his sentence under 28 § 2255 (Dkt. No. 102), as well as requesting appointment of counsel (Dkt. No. 103). Williams in his petition states only generally that he received ineffective assistance of counsel in that "[c]ounsel did not raise issues in which he was instructed to raise did not request expert for jury to hear testify." Williams

supplies no supporting evidence to show that credible arguments were in fact neglected by counsel or that any expert testimony was available which would have materially assisted his case.

The court finds that Williams' current request for relief fails to meet the standard required for such claims. *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1993). He has not shown that counsel was unreasonably deficient in either failing to present any particular argument or expert witness testimony. Further, he has not shown that such hypothetical argument or testimony materially prejudiced his case. Instead, his claim is purely conclusory, and no relief is warranted.

Further, the court finds that no basis exists for appointment of counsel to represent the claims herein.

IT IS ACCORDINGLY ORDERED this 29th day of February, 2008, that the petitioner's Motion to Vacate and Motion for Appointment (Dkt. No's 102, 103) are hereby denied.

                                                 s/ J. Thomas Marten
                                                 J. THOMAS MARTEN, JUDGE